IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL JONES,
        Petitioner,
v.                                                        Civil action no. 3:04CV19
                                                          Criminal action no. 3:00CR27

UNITED STATES OF AMERICA,
        Respondent.

# REPORT AND RECOMMENDATION SETTING EVIDENTIARY HEARING ON ONE ISSUE, APPOINTING ASSISTANT PUBLIC DEFENDER TO REPRESENT PETITIONER AT EVIDENTIARY HEARING, AND RECOMMENDING OTHER CLAIMS BE DENIED.

## I. PROCEDURAL HISTORY

On March 11, 2004, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Order entered on March 30, 2004, the Court ordered the respondent to answer the motion. On May 26, 2004, the respondent filed Response of the United States to Defendant's Motion Made Pursuant to 28 U.S.C. § 2255.

On December 9, 2004, the petitioner requested time to file a reply to the Government's response. The Court granted the petitioner's request for an extension, and on January 18, 2005, and January 26, 2005, the petitioner filed Petitioner's Reply to the Government's Position Regarding his Title 28 U.S.C. § 2255.

Also, on January 18, 2005, the petitioner filed a Motion for Leave to File Supplemental Brief Pursuant to the Fed. R. Civ. P. Rule 15(d). Along with his motion, he filed a "Supplemental Memorandum of Law in Support of Title 28 U.S.C. § 2255 Motion in Light of the Supreme Court's Precedent Decision in United States v. Booker, 2005 WL 50108 (January 12, 2005)." The supplemental memorandum was filed on January 21, 2005. Also, by Order entered on January 21,

2005, the Court granted the petitioner's Motion for Leave to File Supplemental Brief Pursuant to the Fed. R. Civ. P. Rule 15(d). On March 4, 2005, the petitioner filed a Supplemental Brief.

This matter, which is pending before me for initial review and report and recommendation pursuant to LR PL P 83.15 and the April 6, 2004 Order of Referral issued by the Honorable W. Craig Broadwater, United States District Judge, is ripe for review.

**A. Conviction and Sentence**

The petitioner was convicted by jury in the Northern District of West Virginia of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base (Count One); distribution in excess of 50 grams of cocaine base (Counts Two, Three, Four and Six) and possession with the intent to distribute in excess of 50 grams of cocaine base (Count Five).

On July 9, 2001, the Court sentenced the petitioner to 240 months imprisonment on each count to run concurrently. In sentencing the petitioner, the Court enhanced his sentence by 2 levels under U.S.S.G. § 3C1.1 for obstruction of justice. The Court found that the petitioner committed perjury at his detention hearing on April 22, 2004, when he testified and denied possessing or discharging a firearm on April 14, 2000, "at or near" an individual during domestic dispute. The petitioner filed an appeal from his sentence.

**B. Appeal**

On appeal the petitioner argued that the Court erred in enhancing his sentence for obstruction of justice. The Fourth Circuit affirmed the petitioner's sentence. See United States v. Jones, 308 F. 3d 425 (4th Cir. 2002). The petitioner then filed a petition for writ of certiorari which was denied on March 3, 2003.

**C. Federal Habeas Corpus**

**Petitioner's Contentions**

(1) He was provided ineffective assistance of counsel because his attorney failed to advise him that the Government had offered a plea agreement that limited his "exposure."

(2) He was provided ineffective assistance of counsel because his counsel failed to advise him not to testify ,and failed to allow him to testify after it had been agreed the petitioner could testify.[1]

**Respondent's Contentions**

(1) The petitioner was aware of the Government's proposed plea agreement. Even if the petitioner was not aware of the Government's proposed plea agreement, he suffered no substantial prejudice because the proposed plea agreement required the petitioner to plead guilty to one count of distribution of cocaine and stipulate to relevant conduct in excess of 1.5 kilograms of cocaine base which carries a guideline range of 235-293 months imprisonment.

(2) The decision whether to call a defendant as a witness is a tactical decision. Further, the Court questioned him about waiving his right to testify.

**D. Recommendation**

Upon reviewing the record, I recommend that the petitioner's first ground of ineffective assistance of counsel be set for hearing and that the second ground of ineffective assistance of counsel be denied because such claim is without merit.

## II. ANALYSIS

---

[1] In his Reply, the petitioner states that with regard to his second ground he is alleging that "his attorney provided ineffective assistance when he failed to prepare Petitioner to testify in his own defense by either A) reviewing the testimony to be presented during his trial; or B) by advising Petitioner of the implications of not testifying in his defense." (Doc. #s 324, 328 p. 6).

A. **Ineffective Assistance of Counsel**

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.

Second, the petitioner must be prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

**1. Failure to Advise him of Government's Offer of a Plea**

The petitioner asserts that his attorney was ineffective because he failed to notify him that the Government had offered him a plea. He further asserts that he was prejudiced by his attorney's actions because had he been advised of the proposed plea, he would have accepted the plea which would have resulted in his receiving a lower term of incarceration. The petitioner asserts that it was not until after his appellate counsel provided him with a complete copy of his case that he realized that on September 13, 2000, the Government offered a plea.

The failure of a defense attorney to timely inform his client of a plea offer constitutes unreasonable assistance of counsel. United States v. Blaylock, 20 F.3d 1458, 1465-66 (9th Cir.1994) (failing to inform defendant of plea offer was unreasonable assistance); United States v. Brannon, 48 Fed. Appx. 51, 53, 2002 WL 31236437, **2 (4th Cir.2002).

However, the Government states that the petitioner was aware of the plea agreement as evidenced by the April 23, 2004 affidavit of Assistant United States Attorney (AUSA) David Godwin who prosecuted the petitioner. AUSA Godwin states that he, along with Investigator Andrew Evans, met with the petitioner's counsel and the petitioner in person at the United States Attorney's Office in Martinsburg, West Virginia, and that he explained "the strength of the government's evidence, the potential of a life sentence if the petitioner elected to stand trial, and the terms of the plea proposal including the provision that would have limited the defendant's exposure to twenty years incarceration."[2] The Government attached to the affidavit of AUSA Godwin the letter dated September 22, 2000 from the petitioner's counsel to AUSA Godwin in which counsel stated that he had reviewed the plea agreement with the petitioner on September 19, 2000, and that "Mr. Jones directed me to advise you that he is not desirous of accepting the United States' plea proposal at this time. However, he directed to me to advise you that his position may change once the investigation of the State Police Lab has been completed."

Further, the Government has provided the affidavit from Andrew Evans, a police officer assigned as a case officer to the petitioner's criminal case. He states he recalls attending a meeting with the petitioner and the petitioner's attorney at which time the petitioner was advised of his opportunity to enter a plea agreement. Attached to his affidavit is a page from his calendar with the date of September 6 which includes a notation that he was to "meet with Mike Jones and Robbie Stone at U.S. Attorney's Office at 11:00."

The petitioner does not dispute the accuracy of the Government's affidavits regarding the

---

[2]The plea agreement sent to the petitioner's counsel is dated September 13, 2000. The AUSA does not remember when the meeting occurred but the affidavit of Investigator Evans indicated the meeting occurred on September 6, 2000.

alleged meeting between the petitioner, his attorney, AUSA Parr and Investigator Evans. He does not deny he attended a meeting wherein his plea agreement was discussed. Instead, the petitioner asserts that his attorney failed to present the availability of the plea agreement to him, and that the Government never proved that his attorney advised him of the contents of the plea agreement. In his reply filed on January 18, 2005, and January 26, 2005, the petitioner asserts as follows:

> Notwithstanding the fact that the Government alleges that A.U.S.A. Goodwin [sic] has provided numerous letters that were mailed to Mr. Stone and that Investigator Evans recalls having a meeting with Mr. Stone and Petitioner, the record does not support the position that Petitioner was ever aware that the plea agreement was submitted.
> The most that the Government's record will support is the fact that a plea agreement was presented to Petitioner's attorney, which he does not deny. However, what the Government fails to provide is any documentation to support that the plea agreement or its contents were ever disseminated to Petitioner once received by Mr. Stone.

(Doc. # 324, 328 p. 3).

The undersigned finds that the Government has submitted evidence that the petitioner was advised of a plea offer the Assistant United States Attorney assigned to prosecute the petitioner's case. However, the evidence reveals the meeting occurred prior to a written plea agreement being submitted to the petitioner's attorney. The petitioner states that his attorney never advised him that the Government issued a written plea agreement or discussed with him the plea which was offered on September 13, 2000. The petitioner further asserts that contrary to the Government's argument he was prejudiced by the failure of his attorney to advise him of the plea agreement.

The Government asserts that the plea agreement would have required the petitioner to stipulate to relevant conduct of 1.5 kilograms of crack cocaine which carries and offense level of 38 and a guideline range of 235-293 months. The Government further asserts that the petitioner's sentence of 240 months falls within the guideline range contemplated by the proposed plea

agreement. However, the petitioner contends that the Government ignores the fact that if he had entered a guilty plea, an acceptance of responsibility reduction would have been available to him as would a safety valve reduction which would have resulted in a lower guideline range if he were awarded such reductions.

The petitioner requests an evidentiary hearing so the Court can determine what occurred between the petitioner and his attorney regarding the plea agreement. He also requests appointment of counsel. 28 U.S.C. § 2255 provides in pertinent part as follows:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

Prior to determining whether an evidentiary hearing is required, "[i]t may instead be perfectly appropriate, depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to include letters, documentary evidence, and, in an appropriate case, even affidavits." Raines v. United States, 423 F.2d 526, 529-30 (4th Cir.1970).

The undersigned finds that the petitioner's motion and replies and the Government's response do not conclusively establish that the petitioner is entitled to no relief. The affidavits submitted by the Government along with the petitioner's assertions demonstrate to the undersigned that a question of fact exists as to the nature of the meeting on September 6, 2000, whether the proposed plea agreement submitted to the petitioner's attorney on September 13, 2000, was discussed on September 6, why the plea agreement was submitted after the meeting and what, if any, discussions, occurred between the petitioner and his counsel regarding the plea offer submitted by the Government on September 13, 2000.

7

Accordingly, the undersigned find that an evidentiary hearing is necessary in this matter to determine whether the petitioner has been provided ineffective assistance of counsel regarding the plea offer.

**Thus, an evidentiary hearing shall be held on August 11, 2005 at 10 am to address the sole issue of whether the petitioner's counsel was ineffective for failing to advise him of the plea offer made by the Government.**

### 2. Failure to Call Petitioner as a Witness

According to the petitioner, he and his attorney agreed that he would testify at his trial. However, after the Government completed its case, his attorney told him he would not be testifying. The petitioner states that "although reluctant at first, coupled with counsel's failure to prepare Petitioner to take the stand, Petitioner finally agreed to follow counsel's advice." He asserts that his attorney was ineffective for failing to advise him of the implications of not testifying in his defense.

However, the petitioner never advised the Court that he wished to testify. In fact, when the Court asked the petitioner whether he intended to testify, he said no. The petitioner asserts that had he testified he would have explained to the jury how he knew the Government's witnesses. He could have advised the jury that "he knew several of the Government witnesses because of his ownership of a stable at the racetrack or as a neighbor from his neighborhood." (Doc, # 311 at 16). He also would "have clarified that he has never been involved in any illegal activity with any of the Government witnesses." (Id.) The petitioner further states that he "would have clarified and bolstered the Government's lack of evidence that the Petitioner was not involved in any drug transaction." (Id.). The petitioner further asserts that there was no tactical reason for his attorney advising him not to testify -"no criminal history for the jury to ponder, no incriminating or

8

impeaching evidence to keep from the jury that would have surfaced if petitioner testified nor is there any tactical reason presented on the record as to why the petitioner should not have testified in his defense as agreed." (Id. at 16-17).

A defendant in a criminal trial has a constitutional right to testify on his own behalf. Rock v. Arkansas, 483 U.S. 44 (1987); United States v. Midgett, 342 F. 3d 321 (4th Cir. 2003). Further, it is the defendant who retains the ultimate authority to decide whether or not to testify. Jones v. Barnes, 463 U.S. 745 (1983). "The defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland v. Washington, 466 U.S. at 689. Moreover, "the advice provided by a criminal defense lawyer on whether his client should testify is 'a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.'" Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002).

Moreover, the undersigned finds that the petitioner's statements regarding his proposed testimony of no involvement in any illegal activity contradicts his argument with regard to Ground One that he would have pled guilty had he been aware of the plea agreement.

Additionally, the petitioner does not specify how his attorney failed to prepare him to testify or what he told him regarding the implications of not testifying. Further, the petitioner never advised the Court that he wanted to testify but felt his attorney's action prohibited him from doing so. Thus, this claim is without merit and should be dismissed.

**B. Booker Claim**

The petitioner asserts that his sentence was enhanced as a result of facts determined by the probation officer and the Court by a preponderance of the evidence and not by facts submitted to the jury or stipulated to by the petitioner. Thus, the petitioner asserts that his sentence is contrary to

Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).

Blakely as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, 124 S. Ct. at 2537 (citations omitted).

The Supreme Court has held that Blakely applies to federal sentencing guidelines. United States v. Booker, 125 S. Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in Booker applied to all cases on direct review, the Supreme Court did not address whether Booker applies retroactively to cases on collateral review.

While the Fourth Circuit Court of Appeals has not ruled on the retroactivity of Booker, other circuits have held that Booker does not apply retroactively. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the undersigned recommends that the petitioner's claim be denied because Blakely and Booker do not apply retroactively to collateral

review.

C. **Motion for Discovery**

In his memorandum supporting his §2255 motion, the petitioner asks for leave of the Court to invoke the process of discovery so that he can depose his attorney, Robert Stone.

"Pursuant to Rule 6(a) of the Rules Governing § 2255 Proceedings, a prisoner may engage in discovery only 'if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants him leave to do so, but not otherwise.' " United States v. Roane, 378 F.3d 382, 402 (4th Cir. 2004). "'Good cause' for discovery exists when a petition for habeas corpus establishes a prima facie case for relief." Id. at 402 -403. "Specifically, discovery is warranted, 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Roane, 378 F. 3d at 403 (citing Bracy v. Gramley, 520 U.S. 899, 908-09 (1997).

The petitioner filed a motion for discovery so he could depose his attorney. However, because the undersigned has determined that the matter should be set for an evidentiary hearing regarding the alleged failure of the petitioner's attorney to advise him of the Government's plea offer, the undersigned finds that discovery is not necessary. The Government should make arrangements for the petition's attorney, Robert Stone, to be present at the evidentiary hearing.

III. **RECOMMENDATION**

For the reasons stated herein, it is accordingly recommended that the Court enter an Order denying the petitioner's §2255 motion with respect to his claim that his attorney was ineffective at

trial regarding his refusal to call the petitioner has a witness.  **With regard to the petitioner's claim that his attorney was ineffective for failing to advise him of the plea offer, the undesigned will hold a hearing on August 11, 2005 at 10 am and will issue a supplemental Report and Recommendation regarding my findings on that issue.**

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia and the office assistant Federal Public Defender Richard Walker.

Dated: June 29, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE