IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL E. JONES,

    Petitioner,

v().                                                      Civil Action No. 3:04CV19
                                                        Criminal No.    3:00CR27

UNITED STATES OF AMERICA,

    Respondent.

**<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW
AFTER EVIDENTIARY HEARING AND
REPORT AND RECOMMENDATION THAT MOTION
UNDER 28 U.S.C. § 2255 BE DENIED</u>**

An evidentiary hearing was held August 25, 2005. Testimony was taken from Robert C. Stone, Jr., counsel for Defendant, La Verne B. Purnell, Defendant's mother, Defendant and Assistant United States Attorney, David E. Godwin, who prosecuted the case for the Government. Numerous exhibits were admitted on behalf of both parties.

The sole issue, which was the subject of the evidentiary hearing, was whether Defendant's counsel advised Defendant of the Government's offer of a plea agreement dated September 13, 2000. Mr. Stone testified he did review with Defendant the offered plea agreement dated September 13, 2000, and that Defendant instructed him to reject the offered plea agreement. Defendant testified that Mr. Stone never discussed with Defendant the offered plea agreement dated September 13, 2000. Defendant's mother had no testimony about the offered plea agreement dated September 13, 2000. Assistant United States Attorney Godwin testified he orally advised Defendant on September 9, 2000 of the terms of what became the offered plea agreement dated September 13, 2000 at a meeting of Defendant, the case agent, and Assistant United States Attorney Godwin. Mr. Godwin took this action because he believed based on past experience with Mr. Askin and Mr.

Askin's clients that Mr. Askin's clients often went to trial, were convicted and received longer sentences than were offered in plea agreements. Mr. Askin, who acted as Mr. Stone's paralegal in this case, was at that time a disbarred lawyer with an active criminal practice in the Eastern Panhandle area prior to disbarment. Mr. Godwin had no knowledge whether Mr. Stone discussed the offered plea agreement dated September 13, 2000 with Defendant.

The only evidence that does not depend upon the recollection of any witness is Defendant's Exhibit 20 (a photocopy) and Defendant's Exhibit 20A (the original). This is a statement signed by Defendant, dated September 19, 2000, and witnessed, in which Defendant states the plea agreement dated September 13, 2000 was provided Defendant and explained to Defendant by Mr. Stone. Defendant acknowledges it is his signature on Exhibit 20, but Defendant has no recollection of signing Exhibit 20.

## Findings of Fact

1. On September 19, 2000, Mr. Stone provided Defendant a copy of the offered plea agreement dated September 13, 2000.

2. On September 19, 2000, Mr. Stone explained to Defendant the terms of the offered plea agreement dated September 13, 2000.

3. On September 19, 2000, Defendant decided not to accept the offered plea agreement dated September 13, 2000, and signed and dated a written statement to that effect.

4. Defendant's decision not to accept the offered plea agreement dated September 13, 2000 was knowing, intelligent, and voluntary.

## Conclusions of Law

1.  Mr. Stone did not provide ineffective assistance of counsel because he did advise Defendant of the offered plea agreement dated September 13, 2000 and explained the same to Defendant.

2.  Mr. Stone did not provide ineffective assistance of counsel because Defendant made a knowing, intelligent, and voluntary decision or to accept the offered plea agreement dated September 13, 2000.

## Recommendation

Based upon the foregoing Findings of Fact and Conclusions of Law, I recommend Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody be **DENIED**.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 29, 2005

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE